Good morning, Justices. I'm F. Anthony Edwards. I represent the appellant, Deborah Anderson. Thank you, Your Honors. The issue in this case is straightforward. The appellant filed a questionnaire with the EEOC. That questionnaire is attached to the opening brief as Exhibit 1. The questionnaire is at best ambiguous in its instructions. The fourth paragraph of the questionnaire tells the appellant in pertinent part that if she does not check the box on the questionnaire, then the questionnaire is considered a charge. Once the questionnaire meets that requirement, the EEOC is required to notify the employer of the pending discrimination charges against it. It goes further. Paragraph 4 of Exhibit 1 also states that if the EEOC does not hear from the appellant within 30 days after the EEOC notifies the employer, the EEOC will then dismiss the charge. In the case of Barr, Deborah Anderson, the appellant, did not check the box on the second page. That means based on the EEOC's procedures and policy, the questionnaire must be considered a charge. Well, the record is void, though, of any evidence that the EEOC in fact submitted the discrimination charge against the employer. And what's even more compelling, one must ask the question, had the EEOC submitted these charges against the employer based on the questionnaire, at what point would the appellant know that she was required to respond within the 30 days after the EEOC notified the employer? The policy begs for the position that at some point the EEOC needed to inform the appellant, you've got 30 days because we just informed the employer of your charges. There is no evidence of any of that happening. Based upon this questionnaire, the appellant assumed, correctly so, that she had filed a charge with the EEOC. Subsequently, she's formally and was informed by her supervisor that unless she made a charge between the career decision day letter, and I've got to explain what that is to you. The career decision day letter is a letter that American Airlines in situations like these offers to the employee. And the letter will either state that you're going to agree to the terms of discipline and keep your employment, or you disagree and you're terminated. She came back, she was coming off of medical leave when her employer gave her a career decision day letter. She refused to sign it. At that point, she was terminated, based on American Airlines policy. And she knew it, because she's also a high-level employee, she knew that. That's when she went to the EEOC and filed her charge. Now, approximately three months later, after filing the charge, she appears in my office, and in reviewing, in the clerk reviewing the chart, he notifies me, there is no right to sue letter. I draft a short letter, send it to the EEOC, requesting a right to sue letter. No response from them. We file the complaint. American Airlines moves for dismissal of certain causes of action. We agree that those causes of action ought to be dismissed. Then they file a judgment, a motion for judgment on the pleadings, arguing that the appellant failed to exercise or to exhaust all of her administrative remedies. We respond by saying, it is not so. She did. And to prove our point, we submitted Exhibit 1. We also submitted subsequent documents that we filed with the EEOC, requesting the right to sue letter. It is instructive that the EEOC, in response to counsel's demand for the right to sue letter, stated in writing that they could not find the questionnaire that appellant had submitted, and that the records had been destroyed. The EEOC then apologized for this and stated that they were understaffed at the time. Nonetheless, the trial court granted a police motion, and Ms. Anderson, the appellant's case was dismissed. We then filed the appeal. We are relying not only on the facts as presented, and the facts are uncontroverted. We're relying 90 percent on the facts as presented. And I think it's utterly absurd and causes a fury.   There are reasonable necessities, disreasonable necessities that are outside of what Mrs. Anderson made before the EOC related to wrongful discrimination based on national origin. Right? Breyer. Guest, Your Honor? Okay. So, under the Long case or Leon case, that would encompass pre and post conduct by the employer that was like or reasonably like or related to that kind of charge. So I can see how that charge could encompass your, I guess, the second cause of action, the wrongful termination, because it's part and parcel of the same alleged discrimination based on national origin. What I don't see is how the medical, the wrongful termination due to medical leave is like or reasonably related to the discrimination based on national origin. That is a correct observation, Your Honor. And my response would be that the medical condition cause of action is a misclassification. It should have been based on a physical disability caused by a medical condition. The physical disability being the nervous breakdown that she suffered. That would be separate. Well, in a way, it all relates. I mean, even if you didn't have that claim, it seems like if you could prove a claim of a wrongful discrimination termination based on national origin, that nervous breakdown theoretically resulted from that. So that would be part of your damages, even if you didn't have a separate claim. That is true. Right? Yes, Your Honor. Thank you, counsel. You have consumed all your time. Thank you, Your Honor. Thank you. We'll hear from American Airlines. Good morning, Your Honors, and may it please the Court. I'm Paula Champagne, and I represent American Airlines. With respect to the two causes of action on appeal before this Court, counsel argues in his brief that they're both statutory claims, not wrongful discharge in violation of public policy claims. Both the – well, first, with respect to the second cause of action for national origin, there was no verified EEOC or DFEH charge filed. And under the law of this circuit, there's no exception to that. What do you base that statement on? There seems to be one in the record. I'm sorry, Your Honor? What do you base that statement on? There appears to be one in the record. It's in his brief and in the oral argument that he made before the district court. Well, U.S. There's – there was a follow-up letter from the U.S. Equal Employment Opportunity Commission to the filing of a charge. I mean, just because the EEOC no longer has the document because it destroyed it doesn't mean that the charge wasn't filed. There's no evidence on the record that a verified charge under – under oath was filed with the commission. The questionnaire certainly was filed. And under Casa Vontes, a questionnaire may be timely filed, and then a verified charge must be filed, and it will relate back to the original questionnaire. On this record, only a questionnaire was filed. But on this record, we have the EEOC admitting that it destroyed the documents. Yes, Your Honor. And counsel then resubmitted the same questionnaire to the EEOC, just as counsel submitted that questionnaire to the district court in opposition to the motion to dismiss. And in response, the district court in its decision granting the first amended complaint's dismissal provided explicit information on what plaintiff had to do to allege that she'd completely exhausted administrative remedies. But the Fair Employment and Housing Act Government Code Section 12960 requires a verified complaint in writing. The Cole case cited in our brief is explicit and upholds that same statutory requirement. Section 706B of Title VII requires a verified charge in writing. If you look at supplemental excerpt of Record 101, when the EEOC wrote counsel in March of 2005, it explained we received your questionnaire. In order to file a charge, you either need to have your client sign the questionnaire under oath, under penalty of perjury, or submit an EEOC charge verified under oath. And that didn't happen, Your Honor. The questionnaire was the only thing ever filed. So there has been a failure to exhaust. There's similarly ---- How do you distinguish the Leon case? I'm sorry? How do you distinguish the Leon case? The what case? Well, maybe I'm mispronouncing it. The Leon case? Would Your Honor mind spelling it? I'm sorry. L-E-O-N-G. Lung, maybe? Maybe I'm mispronouncing it. Versus Potter. Oh. 47F3D111. Laquaglia? No. Lung. L-E-O-N-G versus Potter. I'm sorry, Your Honor. I don't have the site. Well, I just gave it to you. 347F3D1117, Ninth Circuit, 2003. I don't have that, Your Honor. I'm sorry. Okay. There is no Ninth Circuit law, though, however, that allows an unverified questionnaire to be filed with the EEOC or with the DFEH and result in a statutory or a completely ‑‑ a complaint filed pursuant to the statute. The other point I would like to raise is that although the plaintiff filed the EEOC questionnaire in March of 03, she had counsel as early as June of 03, and counsel was in contact with the EEOC only once, by a letter. After that, there was no contact. That does not demonstrate the requisite diligence that, for example, Casavantes set forth or in an amending complaint-type situation that the plaintiffs in Rodriguez or Denny demonstrated. Here you have, after counsel's letter in June of 03 to the EEOC asking for a right to sue, which the EEOC did not respond to, you then have an original complaint filed with no notice of right to sue. You have a first amended complaint filed that falsely alleges the plaintiff received a notice of right to sue. What do we do about the fact that, at least with respect to the second cause of action, that what you're discussing and have been discussing for six minutes was not the basis of the district court's ruling? That was not what? Was not the basis of the district court's ruling. The basis for the district court's ruling was that she prepared the EEOC questionnaire before she was terminated and it alleged only discrimination and harassment based upon her national origin, and therefore, the claim does not relate back, and therefore, it was untimely. That was the basis. I think the district court was in error on that point. We did not argue that to the district court when we filed our motion to dismiss. This is what we're reviewing. We're reviewing this, and the law in the case I talked about applies to this. Yes, Your Honor. So when there's an appeal of a district court ruling, usually what we're reviewing is what the district court did. Yes, Your Honor. Right. So you agree that the district court erred? Yes, I do, Your Honor. I'll take it from there. What's the significance of that error? Are you suggesting that we have to reverse and remand on that point? No, Your Honor. I think you should support the district court's decision because there are other grounds in the record on which you can affirm it. And one of those grounds certainly is there was never a verified charge of discrimination filed, and that's a prerequisite. Well, that isn't fully developed on this record. The district court just didn't go there. There's no findings on that in this record. There's no record that anything other than the questionnaire was filed, Your Honor. Right. Because he dismissed the claim before there was a record, and he dismissed it on an erroneous ground. I'd like you to address the medical condition claim. Just one quick question before you do that. Do you have the SERs with you? Yes, I do, Your Honor. Can you look at SER 100? 100? It's a letter from Mr. Edwards, Counsel Edwards, dated March 30, 2005. Yes. You see that? Yes. And in it he says he's resubmitting a copy of Ms. Anderson's charges. Yes. Do we know, and the letter indicates there was or were enclosures, do we know what they were? No. We're unclear as to that, Your Honor. But given the language he's resubmitting, there was never an EEOC charge filed back in 03. So resubmitting suggests to me that he's resubmitting the questionnaire. Well, it says charges, right? Yes, it does, Your Honor. Was there any response after March 30, 2005 from the EEOC saying you didn't, you've submitted a questionnaire, not charges? No, Your Honor. The only other thing was the April 22, 2005 notice from the Department of Fair Employment and Housing. Well, that's earlier than this letter, right? No. No, Your Honor. April 22, 2005. Oh, excuse me. Okay. All right. Thank you. What are we to do with that March 15, 2005 letter from the EEOC referring to the destruction of the 2003 records? Well, Your Honor, neither plaintiff nor her counsel was diligent in following up with the EEOC to find out why no notice of right to sue had been issued in approximately 20 months during that period of time the EEOC did destroy the questionnaire, which was resubmitted by counsel to the EEOC. Now, what's that? You've made a couple findings of fact here, including a finding on diligence just now, but did the district court make any findings as to that? I believe so, Your Honor. Can you show me where? Well, with respect to the district court's decision, and I want to make sure I'm understanding the question, 104 and 105 of the supplemental excerpt of record discusses the communications between plaintiffs and the EEOC. One second. So we're looking at the district court's decision right now? What page of the district court's decision? SCR 104, 105. Well, okay. Can you tell me the page number of the decision? Page numbers 3 and 4. And there's a note of the second dismissal. So there he finds, on April 22, 2005, the Department of Fair Employment and Housing received a charge of discrimination from plaintiff. Is that what you're talking about? I'm sorry. I can't hear you. You're talking about where he finds that there was a charge filed with the EEOC? There is only reference to a questionnaire file, which is on page 3 of the decision. On page 4, it says, On April 22, 2005, the Department of Fair Employment and Housing received a charge of discrimination. I'm sorry. I'm not following what you're referring me to about a lack of diligence. The lack of diligence, Your Honor, refers to the fact that the plaintiff filed two lawsuits, one in which she alleged wrongly that she had received a notice of right to sue when she had not, and the next contact with the EEOC was approximately 20 months later. And in the cases cited in our brief, with respect to plaintiff's amending complaints, there's been diligence, especially once a plaintiff has been represented by counsel. Thank you. You've answered my question. Thank you, counsel. One more question. Looking at SCR 115, it's the last page of Judge Wilkin's order of July 20, 2005. Yes, Your Honor. Do you have that?  The very last sentence says, Plaintiff's sixth cause of action is dismissed without prejudice. Yes, Your Honor. Can you tell us from the docket whether a plaintiff sought to file an amended sixth cause of action? No, there was no attempt to amend, Your Honor. Was there any statement by the plaintiff that they intended to stand on the complaint as stated for purposes of appeal? No, Your Honor. Okay. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Hawkins, Wardlaw